# MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
### COUNSELORS AT LAW

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

425 BROADHOLLOW ROAD, SUITE 405
P.O. BOX 9064
MELVILLE, NEW YORK 11747-9064
631-249-6565
FACSIMILE: 631-777-6906

LOWELL PETERSON

April 15, 2008



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08

By fax (212-805-7901)

Hon. Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Board of Trustees of the 1199 SEIU Greater New York Benefit Fund, et al.
v. JFK Hartwyck at Cedar Brook
Case No. 07 Civ. 3744 (HB)

Dear Judge Baer:

    We represent the plaintiffs in the above-captioned matter, which was consolidated with our lawsuit against JFK Hartwyck at Edison Estates. We have reviewed Your Honor's letter to counsel dated April 11, 2008.

    The plaintiffs are employee benefit plans. They brought these now-consolidated actions because the defendants had failed to pay the contributions required by collective bargaining agreements ("CBAs"). Eventually, the defendants paid everything they owed for the periods covered by the lawsuits. We do not view this as a "settlement", but rather as compliance with the CBAs' contribution requirements. In fact, there are other disputes between the parties which were not the subject of the underlying complaints in this case and which have not been resolved. Rather than devoting significant time and resources to crafting a settlement document which delineates precisely which benefit contributions the defendants have made while carving out the parties' other disputes, we proposed a simple stipulation of dismissal.

    However, the defendants insist that the plaintiffs execute a comprehensive settlement document including releases and various other provisions. We still believe that approach is unnecessary and inappropriate. Because the defendants have appeared and responded to the complaints, we understand that FRCP 41 does not permit us simply to withdraw the case.

Very truly yours,

Lowell Peterson

cc (by fax):
    Kathleen B. Einhorn, Esq.

94318

I'm always glad to help resolve disputes but nobody has asked and I'm not looking for business. On the other hand as noted in my April 11 letter I expect you to be ready to start trial on the 28 or stipulations to be on my desk — you have a right to trial but it's a little tempting for judges who have calendars to edit until the very last minute to notify us next in line that they should prepare for trial.

SO ORDERED

Harold Baer, Jr., U.S.D.J.
Date: 4/21/08

Endorsement:

    I'm always glad to help resolve disputes but nobody has asked and I'm not looking for business.  On the other hand as noted in my April 11 letter I expect you to be ready to start trial on the 28th or a stipulation to be on my desk - you have a right to trial but its a little unfair for Judges who have calendars to wait until the very last minute to notify the next in line that they should prepare for trial.